# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SIGHTSEER ENTERPRISE, INC.,

    Plaintiff,

v.

VERIZON NEW JERSEY INC., et al.,

    Defendants.

Civil Action No. 18-16122 (MAS) (TJB)

**MEMORANDUM ORDER**

    This matter comes before the Court upon Defendants Verizon New Jersey Inc. and Verizon Communications Inc.'s (collectively, "Defendants") Motion for Partial Summary Judgment. (ECF No. 13.) Plaintiff Sightseer Enterprise, Inc. ("Plaintiff") opposed (ECF No. 15), Defendants replied (ECF No. 16), and Plaintiff filed a sur-reply (ECF No. 20). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion is denied.

    Local Civil Rule 56.1 specifies that on a motion for summary judgment, "the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, . . . citing to the affidavits and other documents submitted in support of the motion."

    Defendants' Statement of Material Undisputed Facts ("DSMUF," ECF No. 13-1) provides that the toll-free "800" telephone service Defendants provided to Plaintiff "was governed by the General Terms and Conditions controlling the Firm Rate Advantage Plan provided to Plaintiff." (DSMUF ¶¶ 1–2.) Defendants support this fact with citation to a certification and attached exhibit. The certification of Kathleen M. DalCortivo asserts that "Verizon's General Terms and Conditions controlling the Firm Rate Advantage Plan [were] provided to Plaintiff." (DalCortivo Cert. ¶ 2,

ECF No. 13-2.) Defendants attach a copy of the General Terms and Conditions as Exhibit A to the Certification. (DalCortivo Cert. Ex. A.) The attached copy of the General Terms and Conditions does not indicate on its face that it was provided to Plaintiff. Plaintiff disputes "any implication that Defendants have demonstrated that their General Terms and Conditions governed . . . Plaintiff's service." (Pl.'s Responsive Statement of Material Facts ¶ 2, ECF No. 15-1.)

Here, Defendants' Motion for Summary Judgment is deficient under Local Civil Rule 56.1. Defendants assert that Plaintiff was provided the General Terms and Conditions, but the cited certification and exhibits in Defendants' Statement of Material Undisputed Facts fail to support that assertion. (*See* DSMUF ¶ 2.) Defendants attempted to correct this deficiency on reply via a certification and accompanying exhibits that failed to comply with 28 U.S.C. § 1746. (*See* Bocanegra Cert., ECF No. 16-1.) After Plaintiff filed a sur-reply pointing out this deficiency, Defendants then filed a proper certification and accompanying exhibits in support of its position. (*See* Suppl. Bocanegra Cert., ECF No. 22.) The Court declines to consider certifications and exhibits not cited in Defendants' Statement of Material Undisputed Facts, pursuant to Local Civil Rule 56.1. Accordingly, Defendants' cited certification and exhibits fail to support its Statement of Material Undisputed Facts.

Defendants, furthermore, fail to cite any recent or controlling authority from the U.S. Court of Appeals for the Third Circuit or the U.S. District Court for the District of New Jersey in support of their position. (*See generally* Defs.' Moving Br., ECF No. 13-3; Defs.' Reply Br., ECF No. 16.) Defendants cite only two cases in support in their moving brief. Defendants cite *Pilot Industries v. Southern Bell Telephone & Telegraph Co.*, 495 F. Supp. 356 (D.S.C. 1979), for the opinion's collection of cases supporting Defendants' general proposition that "[h]istorically, limitation of damages provisions in telecommunication tariffs have been upheld and enforced." (Defs.' Moving

Br. *4–5.)[1] Defendants also cite *In re CCT Communications, Inc.*, 464 B.R. 97 (Bankr. S.D.N.Y. 2011), which is relevant to the limitation of liability issue raised by Defendants' Motion but is nevertheless not binding authority. Here, Defendants fail to meet their burden to demonstrate they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Accordingly,

**IT IS** on this 30th day of December 2019, **ORDERED** that:

1. Defendants' Motion for Partial Summary Judgment (ECF No. 13) is **DENIED** without prejudice.

2. Defendants may file a new motion for partial summary judgment by **January 31, 2020**.[2]

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header because Defendants' briefs lack page numbers. Defendants' briefs also fail to include a table of contents or table of authorities, as required by Local Civil Rule 7.2(b). (*See generally* Defs.' Moving Br.; Defs.' Reply Br.)

[2] Defendants' brief must comply with Local Civil Rule 7.2(b). Defendants must also attach a certification to their motion stating that their brief incorporates the most recent controlling authority from the U.S. Court of Appeals for the Third Circuit and the U.S. District Court for the District of New Jersey.