**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SIGHTSEER ENTERPRISE, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON NEW JERSEY INC., et al., <br><br> Defendants. | Civil Action No. 18-16122 (MAS) (TJB) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon review of its docket. On February 29, 2020, Defendants Verizon New Jersey Inc. and Verizon Communications Inc. ("Defendants") moved to compel arbitration or, in the alternative, for partial summary judgment. (Defs.' Motion, ECF No. 27.)

On March 23, 2020, Plaintiff Sightseer Enterprise, Inc. ("Plaintiff") was granted an automatic extension of the return date of Defendants' Motion pursuant to Local Civil Rule 7.1(d)(5). (ECF No. 28.) On March 24, 2020, Chief Judge Freda L. Wolfson signed Standing Order 2020-04, which extended all filing deadlines for forty-five days. On May 21, 2020, Plaintiff filed opposition to the Motion. (ECF Nos. 29–31.)

On May 29, 2020, Defendants sought an extension of the deadline for filing a reply brief, which the Court granted. (ECF Nos. 33–34.) On June 14, 2020, Defendants filed their reply brief, accompanied by a supplemental certification in support of Defendants' Motion. (ECF No. 35.)

On June 29, 2020, Plaintiff requested leave to file a sur-reply to Defendants' Motion, asserting Defendants' supplemental certification "introduces new evidence and seeks conclusions to be drawn therefrom which did not appear in . . . Defendants' moving papers" and that the

certification lacks "an attestation that the signatory possesses personal knowledge of the facts to which she certifies." (Pl.'s Correspondence 1, ECF No. 36.) Plaintiff failed to file a proposed sur-reply brief as an exhibit to its request.

Without a proposed sur-reply brief, the Court cannot properly evaluate whether to grant a request to file a sur-reply. *See* Allyn Z. Lite, New Jersey Federal Practice Rules, cmt. 4(b)(1) to L. Civ. R. 7.1, 76–77 (Gann 2020 ed.) ("[A] properly filed motion to file a sur-reply, attaching as an exhibit a proposed sur-reply brief accompanied by a brief in support of the motion, complies with [Local Civil Rule] 7.1(d)(6)."); *cf. In re Toronto-Dominion Bank Sec. Litig.*, No. 17-1665, 2018 WL 6381882, at *2 (D.N.J. Dec. 6, 2018) (granting leave to file sur-reply where movants attached a proposed sur-reply brief). The Court, however, finds good cause to permit Plaintiff to file a sur-reply brief, but reserves its decision whether it will consider the arguments therein.

Furthermore, based on the Court's inherent authority to control its docket, in the interest of judicial economy, and in light of the extended delays in the completion of briefing on Defendants' Motion, the Court finds good cause to deem Defendants' Motion (ECF No. 27) filed on the date of this Order. Accordingly,

**IT IS** on this 2nd day of July 2020, **ORDERED** that:

1. By **July 10, 2020**, Plaintiff shall file a sur-reply brief; and
2. Defendants' Motion (ECF No. 27) is deemed filed on the date of this Order.

*/s/ Michael A. Shipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**